Our final case on the calendar for argument this morning is 450 S. Western Ave. v. 415 S. Western Ave., LLC. Good morning, Your Honor. May it please the Court, my name is Jesse Finlayson. I represent the appellant, Philmont Management, Inc. I'd like to reserve three minutes for rebuttal, please. All right. I'll try to help you out. I'll try to reflect as well. I will. Thank you very much, Your Honor. Mechanics liens hold a unique position in the California law. They're protected by an express provision of the California Constitution. As explained by the California Supreme Court in the Connolly development case, no other creditor's remedy stems from a constitutional command under California law. The fundamental purpose of the mechanics lien law in California is to prevent unjust enrichment of property owners at the expense of laborers and material suppliers. The overarching question before the Court is whether or not these protections have practical meaning in bankruptcy court, whether they survive a filing of bankruptcy and can protect mechanics lien claimants in that context. We contend that the lower court rulings in this case should be overruled for two reasons. First, my client, Philmont Management, was not required to file notice under Section 546B of the Bankruptcy Code in order to maintain or continue the perfection of its lien. Philmont's mechanics lien was perfected by filing a notice of lien under California law prior to bankruptcy. And California law is clear that no further action on behalf of the mechanics lien holder is required to continue or maintain perfection. Instead, as this Court explained in Hunter's Run, interpreting an almost identical statute from the state of Washington, the next step in the process is commencing a foreclosure action. And this Court held clearly and unequivocally in Hunter's Run that an action to foreclose a mechanics lien is purely enforcement of the lien. It's not part of the perfection process. It's not an element of perfection. It has nothing to do with perfecting the lien. Because Section 546B of the Bankruptcy Code only applies when an action under state law is required to preserve or maintain perfection of the lien, not to enact to enforce the lien. It simply doesn't apply here, and there was no requirement to give notice under 546B. Even if that were not true, basic fundamental due process requires that mechanics lien claimants receive actual notice that is sufficient to put the lien holder on notice that action is required before their rights can be stripped in bankruptcy. There was no such notice provided in this case. Based on the state of the law in this circuit, there is never notice provided to mechanics lien holders of the alleged deadline under Section 546B. So even if the Court were to conclude, contrary to Hunter's Run in my opinion, that notice is required, at a very minimum the Court should hold, that the deadline can't expire without any notice to the mechanics lien holder. Was Feldman aware of the filing of the bankruptcy, however? It was, yes, Your Honor. So he knew at that time that automatic stay was in effect, and it could not foreclose because of a stay, but it could give notice under the code? I think I agree with everything except the last part of that statement, Your Honor. It absolutely knew that the bankruptcy was filed, and it knew that the automatic stay was in place. But, I mean, I will tell you, I've practiced bankruptcy law for 30 years, and I still remember the very first bankruptcy seminar I went to. It was a lunch seminar in front of a bankruptcy judge in the Central District of California for non-bankruptcy lawyers. And he explained one simple fact. What everybody knows about bankruptcy is that when a bankruptcy is filed, an automatic stay comes into play, and you should stop. I remember Judge Goldberg making that point very clearly, that when you receive a bankruptcy notice in the mail, if you are a creditor, what you do is you stop. Don't do anything, because if you take any action to enforce your liens or your other rights as a creditor, you may violate the stay. And wait for notice from the bankruptcy court and act accordingly. And so I think, even as a bankruptcy lawyer, I'm aware of 546B, and obviously it's been briefed extensively here. I don't think most mechanics lien claimants, non-lawyers, or non-bankruptcy lawyers understand that there is this hidden deadline, according to the BAP and all the builders, that exists in the bankruptcy code that requires a mechanics lien claimant and no other creditor to provide notice of perfection without ever receiving any prompting from the bankruptcy court or any notice whatsoever. So in this particular case, yes, my client knew about the bankruptcy filing, and they did what almost all creditors do. They stopped and waited for notice from the bankruptcy court. This is a situation of ignorance. The law is no excuse. It's not like a hunter's run situation in that, you know, I think that situation where somebody was between a rock and a hard place. They had to stop. Everybody knows of the automatic stay provisions. They have to stop. But at the same time, the lien would automatically expire, and so that's a situation where the court felt that it was fair to apply the tooling provision. This isn't that situation because there is a provision that specifically allows you to maintain your rights, right, just by merely filing a notice. I totally get the fact that it may be obscure and not everybody knows about it. I didn't know about it either. But is that a situation of ignorance is no excuse? Or is there some kind of analytical issue that really you're saying that the lien is essentially perfected when it's filed, and there needs to be no further action taken to maintain the perfection of the lien? I have two responses to that. The first is I don't think it's ignorance of the law because we've argued very extensively in the briefs that we don't believe 546 requires notice under these circumstances because it's limited to actions to maintain or continue perfection. Hunter's run says commencing a foreclosure action is not an act of perfection. It is enforcement. So even if you assume that a non-bankruptcy lawyer or a layperson had a general understanding of the law and they went on Westlaw or to the local law library and pulled up Hunter's run, I think they could have very easily concluded, I'm not required to take any action here. Because, in fact, according to California Civil Code Section 8460, commencing a foreclosure action is not maintaining perfection. It is enforcing the lien. The statute is in the enforcement section of the Mechanics' Lien Law. It refers to a commencement of an action to foreclose a lien not once but twice as an action to enforce the lien. So it just simply doesn't apply. So I think my client maybe inadvertently did the exact right thing. I think we're just right on the law. There is not a requirement here to give notice under 546B. But even if they were wrong about that, I don't think that eviscerates the requirement to give notice to a creditor in a bankruptcy case before you strip its vested lien rights. And an example would be in bankruptcy, creditors are required to submit a proof of claim or you lose your rights to get paid. And everybody knows that's a controversial area of the law. But the case law is uniform and clear that even when there is a very clear deadline under the law, which we dispute here, that at a minimum, in addition to getting general notice of the bankruptcy case, in order for the process to be fair, in order to comply with due process, you need to actually get notice of the deadline. So even if you know that a bankruptcy is filed, and you presumably would know there is probably a deadline to submit claims, there isn't one in every case, but there are in most cases, that before you can eliminate people's legal rights, you need to provide express notice of the deadline at issue, not general notice of the bankruptcy. And in my opinion, that's what's missing here. And it's even worse here because if you use the proof of claim analogy, that happens on a set date, usually 60 to 90 days after the bankruptcy is filed. In this case, if you accept the Baldwin Builders view of how 546B works and the argument made by the debtor in this case, the deadline is coextensive with the state law deadline for commencing an action, which could expire a day or two or three after the bankruptcy is filed. If the bankruptcy is filed 87 days after the notice of lien is recorded, then the deadline, if you accept their argument, would automatically expire on the third day after the bankruptcy is filed without any notice whatsoever going to the lien holder. And at that point, the debtor would argue the lien has become completely invalid. That is a completely unjust result. It is not what Congress intended. Let me ask you this, counsel. I don't see any clear case law in California that commencing an action is pure enforcement of mechanics lien and can't really constitute maintaining the perfection of a lien. What is your view on whether the panel should consider certifying that question to the California Supreme Court? I've gone through that process once before. It was, as a lawyer, an amazing experience, but I don't think this is an appropriate case for that. I think, as I recall, that that process exists where there's significant uncertainty in the law, and it's something that the California Supreme Court should weigh in on. I just asked the court to look at California Civil Code 8460, and I'll just repeat myself. It's in the enforcement section of the mechanics lien law. It expressly twice refers to commencing a foreclosure action as an action to enforce the lien. It doesn't use the word perfect. It doesn't use the word maintain. It doesn't use the word continue. It doesn't talk about giving notice to anybody. It is a purely enforcement mechanism, and I think the statute is sufficiently clear that sending this to the California Supreme Court to answer that question is unnecessary. It's a conclusion this court can easily reach. By the way, if you're correct, how did three bankruptcy judges miss this? I've asked myself that question, including yesterday. If you're asking my personal opinion, I think the panel here and the bankruptcy court here felt bound by Baldwin Builders. The BAP follows the BAP. So I think that the BAP panel that decided the intermediate appeal here felt constrained by Baldwin Builders, and they were clearly not going to overturn that prior case. And I think the bankruptcy judge, Judge Robles, who I appear before regularly, is a very good judge, I think felt the same way. So the problem here is Baldwin Builders. How did Baldwin Builders get it so wrong? And I don't have a great answer for that. I mean, I can tell you that Baldwin Builders is on its face clearly wrong. It is internally inconsistent. We covered this issue in great detail in the briefs. It holds, on the one hand, that in light of the 1994 amendments, that the adding of the words maintenance and continuation of perfection doesn't change commencing and foreclosure action from enforcement to perfection for purposes of the exception to this day in 362b3, but at the exact same time holds that the exact same language does convert commencing and foreclosure action into somehow something related to perfection for 546b. Those are just internally inconsistent. There's no way to reconcile those, and they just got it wrong. My sense, to answer your question more directly, is I think sometimes bankruptcy judges and trustees, who I represent, feel like their job is to try to get as much money as possible to general unsecured creditors, and liens prevent that, that you're doing something good by eliminating liens and funneling money to general unsecured creditors. I think there is a slight bias in the bankruptcy code towards, or the bankruptcy bar, towards an equitable distribution to all creditors. I just think they got it wrong here. I understand that idea that that funneling money to the last creditors in line is sometimes a desirable thing, but lien rights exist for a reason. Here, they're codified in the California Constitution. If you're right, what should Philmont have done in this case? In other words, the argument is that the notice was late, not within the 90 days. If you're right about the law, what should Philmont have done differently, or could it have done differently impermissibly? I think it should have stopped and done nothing. The general rule in bankruptcy is that liens that are valid and enforceable on the petition date remain valid and enforceable for purposes of the bankruptcy case. And Philmont was not required to take any additional action in the bankruptcy case to preserve perfection of its lien, just like every other secured creditor in every other case. And so if it were Chapter 11, it would be treated in the class of secured creditors, et cetera? Exactly. And it will be, depending on the outcome of this appeal. This is a Chapter 11. There is a plan. And it does afford poor treatment of secured creditors. The question is, which class does Philmont go in? And I believe Philmont's lien gives it the right to be paid as a secured creditor. I think I've exceeded my time, so I'll reserve the little time I have left. All right.  Good morning. May it please the Court. My name is Doug Flau from Aaron Fox Schiff here in Los Angeles, and I represent the Apple Leaf 450 Southwestern LLC Liquidating Trust. I want to jump to what was initial, what we sort of ended on with the appellant here. The appellant said, Baldwin Builders got it wrong. And he explained that there's a bias in the bankruptcy courts for these to try to avoid liens and get money to unsecured creditors. I would submit to this panel it's not just a bias. It's codified in the bankruptcy code that the trustee has superpowers, if you will, to avoid all sorts of liens. It is codified in the strong-arm powers of Section 544 of the bankruptcy code as well as in the additional powers of 545 and 549. Looking at 544 in its relationship to 546, which is what was briefed and what we're going to talk a lot about today, is the most important relationship. It's not the relationship between 362 and 546, which we're going to talk about. That is just to protect 546. 546 relationship is to 544 because 544 says as a trustee, which includes a debtor in possession in Chapter 11, has the power to stand in the place of a perfected judgment lien creditor as of petition date. And that's a fabrication of bankruptcy code, a federal bankruptcy law that allows a trustee to do that. It allows a trustee to get more money for those unsecured creditors, knock out some liens, right? And so 546 is sort of the leash that reigns in the trustee's power under 544. And 546 says, you know, if you follow these rules, then the trustee is not going to be able to avoid your lien or stand in front of your lien. Can you just address Philmont's argument that there had to be some kind of notice here that that notice needed to be given? Absolutely, Judge. And thank you for raising that because that was next on my list. So Philmont says that this is a violation of due process because somehow the bankruptcy court clerk didn't send out a bunch of notices saying, Hey, look at 546B and look at the, you know, you're going to have to file this. Well, let's look at the underlying state court law. If due process is a problem, boy, do we have a problem with 8460 and 8412, which require mechanics lien contractors to go out and record that mechanics lien within 90 days. By the way, Philmont didn't do that here. That's one of the other problems. They say it stop and saves them, but I don't think it does. And they have a duty to go ahead and file a complaint for a foreclosure complaint within 90 days of the recordation of that mechanics lien. There's no notice provided for that. Property owners don't sit around sending out mass mailings to anybody who might be a contractor saying, Oh, by the way, California code requires you to record this within 90 days. Oh, by the way, California civil code requires you to file an adversary proceeding to foreclose within 90 days. So my answer to you, Judge, is that the bankruptcy court just follows the same rules as the Thunden State Court. There isn't any notice. Any contractor worth his or her salt is going to know that they've got to do something, and they've got to do two key things. They've got to run to the county's recorder's office and record that notice of mechanics lien within 90 days of completion. If they don't do that, they're out of luck. And once they do that, they've got to run to the courthouse and file a foreclosure action within 90 days. And they know that, and that's in every mechanics lien or construction treatise. Setting aside Philmont's situation, because Council conceded that Philmont knew about the bankruptcy and really relied on the well-known fact that everything freezes when the debtor's in bankruptcy. But, you know, taking a hypothetical creditor who filed a mechanics lien, and then on day 87, the debtor files for bankruptcy. And so under that circumstance, let's say the creditor didn't know that the matter was in bankruptcy, the freeze operates in place, would that be a different situation where that particular creditor? So here's what I thought about that a lot, Judge, and I think that's a good scenario to think about. Because what would happen? Perhaps they don't have notice of the bankruptcy, as you said. This gets filed on day 87. Well, presumably they would be already, you know, I don't know how long it takes other lawyers to prepare a complaint and get a foreclosure action filed, but it takes some time. You don't call your lawyer on the last day and say, hey, file me a complaint this afternoon. So presumably they would have already had a lawyer to file the foreclosure action because they need to file that. Now maybe they didn't get notice of the bankruptcy case. So what's that lawyer going to do? He's going to walk out there and file the action in state court, the foreclosure action in state court. You know the thing he's going to do when he does that? First of all, he's got to serve that action, right, out to somebody, presumably the debtor, other lien holders. Secondly, if you read the practice guides, 8460 says you've got to file the action.  California Civil Code 8461 says that within 20 days you have to file a liens pendent on the property to give everybody notice that you filed that foreclosure action. And the practice guides don't say, they all say don't wait 20 days because you might lose to a good faith purchaser for value during that 20 days. They say as soon as you file your enforcement action, you should record a liens pendent with the county recorder. So those two things are going to happen. At some point, the lawyer is going to get a call from bankruptcy counsel like me. And he's going to say, oh gee, there's a bankruptcy case here. I represent the trustee. I represent the debtor in possession, which is a trustee. And, you know, he's going to say, oh, okay, sorry, I won't proceed on my enforcement action, on my foreclosure action. But what will have happened is the debtor or the trustee will have gotten notice of this intention to continue to maintain this lien. And that's important because if you read the cases. I'm sorry, I'm not sure I understand your answer. Are you saying that while the hypothetical creditor who happens to try to enforce my filing an action because he didn't know that the bankruptcy petition had been filed, that in practice somehow the way the process works, there's constructive notice of bankruptcy at some point anyway? And that notice must necessarily occur before the 90 days is up? No, no, no. Sorry, and I'll try to be a little more clear. What I'm trying to say is that even if you didn't know about the bankruptcy case and you were a contractor, you would, if you followed state court law, you would provide notice to the debtor and the trustee of the fact that you're trying to enforce this lien. Okay? You would provide it through serving it. You would provide it through recording the list penance that's required under California Civil Code 8461, 84061. And so you would provide notice. And so what I'm saying is that if you read the cases talking about what kind of notice is required under 546B, it doesn't necessarily mean you have to file something. You just have to provide notice to the trustee or debtor in possession of your intent to continue your lien, of your intent that your lien hasn't been paid and that you intend to continue the maintenance and perfection of your lien. And my point is that by serving that complaint, by filing the list penance in a public record or recording the list penance with the county recorder's office, guess what? You've provided notice to the necessary parties. And I think now it's not best practice. Best practice would be to file a notice like counsel did here under 546B, but I think you'd have a good argument that you provided informal notice, much like an informal proof of claim. You provide an informal notice of your intent. But if you prevent suppression on day 89 and you don't get around to doing the list penance and providing constructive notice and all that past the 90 days, you're just out of luck. Then I think you would be out of luck. But again, so I've thought about whether the actual filing of the action could be deemed to be some sort of notice. But, you know, it would be a violation of the automatic stay. I'm not going to blank on the case, Your Honor. That's why I'm thinking of that, because the BAPS interpretation creates a very hard-line rule, right? The BAPS interpretation is that California law requires a commencement of an action to perfect or maintain perfection of an interest. So, therefore, if you don't do it within the 90 days or if the automatic stay is in place, you've got to basically file notice. You know what I would do, Your Honor. Also, you know, for the creditors who don't get adequate notice of bankruptcy under the BAPS interpretation, they would essentially be out of luck. Well, you know what I would do, Your Honor? I don't think they would be out of luck. If I represented a creditor in that circumstance and I literally filed my action on 5 o'clock on day 90 and the bankruptcy was filed at 7 o'clock on day 9 or 3 o'clock on day 9, bankruptcy has to be before you file the action. If the bankruptcy is after you file the action, you've complied with California law. Ta-da. So the bankruptcy was filed right before and then I filed on the 90th day. I would file a motion with the court for limited relief from stay, annulment of the stay to allow my action just to serve as a continuance of perfection and not to proceed on the enforcement action. And I suspect bankruptcy, every bankruptcy court that I've ever sort of been involved with, would likely grant that motion because that would show that you did everything right but for the automatic stay coming into play when you didn't know about it a few hours before you filed your complaint. You would otherwise lose out on rights. I'll ask you the same question I asked Mr. Frelason. What is your view on whether the panel should consider certification? So the certification would be on the issue as to whether a force, whether the action to foreclose under California civil code 8460 is an enforcement action or a perfection action. Well, I mean, one way to look at it is that when the lien is filed, it is perfected, right? The way that that looks at it is that well, by filing an enforcement action, that is an action required to perfect or maintain or continue the perfection of an interest in property. I don't see any California case law that stands for that proposition and likely they haven't had the opportunity to rule on that precise issue because this case calls for the intersection between that California statutory provision and how it operates with the automatic stay and now, of course, with the amendment, this notice provision. So, Your Honor, I also would agree with counsel for the appellant that this probably is not something you would need to refer the California Supreme Court on because I think that the answer is actually pretty clear. I think that most cases that have talked about this say that there is not a hard distinction between enforcement versus perfection, right? If you look at Baldwin Builders, so I want to address Baldwin Builders because this, counsel really thinks that, for the appellant, really thinks this is internally inconsistent, it says, but it's not, right? If you look what stayed, obviously, a foreclosure action, it stayed under 362, okay? We all know that, of course, it stayed in Baldwin Builders, held that it stayed, but remember, going back to the relationship between the code sections, Section 546 is setting limits on Section 544. The exception to the automatic stay under Section 362 is just to perfect whatever is permitted under 546. So if you read Section 362b, it shows there's no contradiction with Baldwin Builders, right? It says, the filing of a bankruptcy petition does not operate as a stay, quote, of any act to maintain or continue the perfection of an interest in property, and that's where Fillmont stops. They say, oh, there's a contradiction. No, it keeps reading, to the extent that the trustee's rights and powers are subject to such perfection under Section 546b. So the exception to the automatic stay in 362b is saying, you're not going to violate the automatic stay by doing what's required under 546, okay? So if you want to do more than is permitted under 546 or required under 546, clearly that violates the automatic stay. So Baldwin Builders, when it came out and said, when you filed these enforcement actions, you violated the automatic stay, absolutely Baldwin Builders is right. It cited the Hunter's run for the support on this. This is unobjectionable. The issue is, does filing the notice under 526 violate the automatic stay? Well, obviously not. And does 108 toll? And, again, the answer is obviously not, because it's not prohibited by the automatic stay. If the automatic stay lets you do it, then 108 doesn't control. And I would note, just on the 108 issue, that that just really doesn't make any sense to me, because, remember, 546 is limits on what the trustee can do under 544. If 108 controls this until there's no trustee, until the case finishes, then how is the trustee going to know whether somebody has done things correctly or not? And when you look at 546, it sets its deadline pursuant to generally applicable law. That's, in quotes, generally applicable law. And I think the case of in rate mill evasion, this is 474 F3rd 4 at page 5, includes a long string cite for the proposition that generally applicable law is non-bankruptcy law. 546, so it's not 108. Non-bankruptcy law is 108, and generally applicable law is not bankruptcy law. I'm running out of time, so. You're a little over time, but I appreciate your argument. Thank you. Thank you. I have three points. First, with respect to the issue, Judge Elaine, that you were questioning counsel on, Baldwin Builders addressed the exact issue of what happens if the creditor goes ahead and files an action anyway. Mr. Flaus suggested that would somehow solve the problem. Baldwin Builders says the exact opposite. The fairies expressly say it's on page 415 of the ruling. This exact argument was made that we'll judge. We went ahead and filed two foreclosure actions within the 90 days because we didn't realize it would violate the bankruptcy stay. Baldwin Builders says those are void as violations of the stay under binding Ninth Circuit law. There are no legal effect. You lose anyway. That's a completely unfair result. So, as a mechanics and creditor, you know, I don't want to use the phrase, but, you know, if you do it, it doesn't work. If you don't do it, it doesn't work. Number two, I guess I'm running out of time for this. Mr. Flaus said that most of the cases reject the idea that there's a hard distinction between perfection and enforcement. They haven't cited them. There's not a single case cited in the record for that proposition. I'm not aware of one, other than possibly Baldwin Builders, which was wrongly decided. The only support they have is a 100-year-old legal treatise. And we've cited, I think, probably 20 cases, both before and after the 1994 amendments, that make it very clear that those are different legal concepts that shouldn't be confused, and they don't mean the same thing. I have one final point, but I might as well say it. The last point I was going to make was with respect to the issue of the interrelationship between 362B3 and 546B. I think this is important, and I covered this in the brief. 362 is the automatic stay provision. Everybody understands how that works. 362B3 is a limited exception to the automatic stay that allows perfection of liens post-petition under limited circumstances. The reference in 362B3 to 546 is a reference to liens that can be perfected retroactively. That's what that means. 546B2, the statute that we're all wrestling with, is an exception to the exception. It only applies if 362B3 applies. So the stay applies. 362B3 says you can perfect liens under limited circumstances. 562B2 says if doing so would require seizing property or commencing an action, you can do it a different way. You never get to 562 unless you've concluded that the action in question is not enforcement, but it's perfection. Thank you very much for your time. Thank you. Thank you very much, both sides, for your argument today. The matter is submitted, and court is in recess until tomorrow morning. All right.
judges: NGUYEN, THOMAS, Fitzwater